Scott Anthony BACKUS,
Plaintiff–Appellant,

v.

Jamie GISSEL, Mesa Police Officer # 16414, Defendant–Appellee.

No. 10–17660.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 29, 2012.

Scott Anthony Backus, Camp Verde, AZ, pro se.

Jacqueline Jeffery, Esquire, City of Mesa, Mesa, AZ, for Defendant–Appellee.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Scott Anthony Backus appeals pro se from the district

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Whitaker v. Garcetti,* 486 F.3d 572, 579 (9th Cir.2007), and we affirm.

The district court dismissed Backus's § 1983 claims for false arrest and malicious prosecution as *Heck*-barred. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (a constitutional claim that necessarily implies the invalidity of a conviction cannot be brought under § 1983 unless the conviction has already been invalidated); *Szajer v. City of Los Angeles,* 632 F.3d 607, 611 (9th Cir.2011) (a claim alleging an illegal search and seizure of evidence that was used to secure a conviction necessarily implies the invalidity of that conviction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Backus's request for a waiver of requirements is denied as moot.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.